IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM, | ) | |
| | ) | Civil No. 4:20-cv-00073 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IOWA UTILITIES BOARD, | ) | NOTICE OF REMOVAL |
| | ) | |
| Respondent, | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE, | ) | |
| | ) | |
| Respondent. | ) | |

COMES NOW the United States of America, by its attorney, David L.D. Faith II, Assistant United States Attorney for the Southern District of Iowa, on behalf of its agency, the United States Department of Agriculture ("USDA"), and pursuant to 28 U.S.C. Sec. 1446(a), respectfully states the following:

1.   On February 21, 2020, Petitioner commenced a civil action in the Iowa District Court for Story County, Case No. CVCV051775, seeking judicial review of an Order of the Iowa Utilities Board. A copy of the Original Notice and Petition for Judicial Review is attached hereto as Exhibit A, pp. 1-18.

2.   The Order that Petitioner seeks to overturn was issued by the Iowa Utilities Board following a written customer Complaint and Petition to Initiate a Formal Proceeding filed by the USDA. A copy of the Order of the Iowa Utilities Board on Judicial Review, dated January 23, 2020, is attached hereto as Exhibit A, pp. 7-18.

3.   On February 26, 2020, the USDA filed an Intervention in the Iowa District Court for Story County requesting that the Court recognize the USDA as a Respondent in the matter which is attached hereto as Exhibit A, pp 21-22.

4.   On February 26, 2020, the District Court for Story County entered an order recognizing the USDA as a Respondent and adding the USDA as a party in the matter. A copy of that Order is attached hereto as Exhibit A, pp. 23-24.

5.   This notice of removal is brought pursuant to 28 U.S.C. § 1442(a)(1) and for the reasons that a civil action has been commenced in a State court that is against or directed to an agency of the United States of America.

WHEREFORE, the United States of America, on behalf of its agency, United States Department of Agriculture, prays that the above-captioned action now pending in the District Court for Story County, Iowa, case number CVCV051775, be removed to this Court and no further proceedings be had in said action in the District Court for Story County, Iowa.

Respectfully submitted,

Marc Krickbaum
United States Attorney


By: */s/David L.D. Faith II*
       David L.D. Faith II
       Assistant United States Attorney
       U.S. Courthouse Annex, Suite 286
       110 E. Court Avenue
       Des Moines, Iowa 50309
       Telephone: (515) 473-9353
       Facsimile: (515) 473-9282
       Email: david.faith@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 28, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

David Lynch
Iowa Utilities Board

*/s/David L.D. Faith II*
David L.D. Faith II
Assistant U.S. Attorney

E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM, | CASE NO.: _____ |
| Petitioner, | |
| v. | **ORIGINAL NOTICE** |
| IOWA UTILITIES BOARD, | |
| Respondent. | |

TO THE ABOVE-NAMED RESPONDENT:  Iowa Utilities Board

YOU ARE NOTIFIED that a petition has been filed in the office of the clerk of this court naming you as the respondent in this action.  A copy of the petition (and any documents filed with it) is attached to this notice.  The attorney for the petitioner is David J. Lynch of Brown, Winick, Graves, Gross and Baskerville, P.L.C., whose address is 666 Grand Avenue, Suite 2000, Des Moines, Iowa, 50309, whose phone number is 515-242-2400, whose facsimile number is 515-283-0231.

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING. You must electronically file a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Story County, at the county courthouse in Nevada, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF ELECTRONIC DOCUMENT MANAGEMENT SYSTEM, also available on the Iowa Judicial Branch Website.  You must register to eFile through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/EFile and obtain a log in and password for purposes of filing and viewing documents on your case and of receiving service and notices from the Court.  For Court Rules on the Protection of Personal Privacy in Court Filings, refer to Division VI of the Iowa Court Rules Chapter 16.

IF YOU NEED assistance to participate in court due to a disability, call the disability coordinator at 641-421-0990.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

### IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2020 FEB 21 2:26 PM STORY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  CVCV051775

*County*  Story

*Case Title*  AMES MUNICIPAL ELECTRIC VS IOWA UTILITIES BOARD

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*

---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 421-0990**   .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  02/21/2020 02:26:04 PM



*District Clerk of*  Story                    *County*

/s/ Pam Dyer

E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM, | CASE NO.: _____ |
| Petitioner, | |
| v. | **PETITION FOR JUDICIAL REVIEW** |
| IOWA UTILITIES BOARD, | |
| Respondent. | |

COMES NOW the Ames Municipal Electric System ("AMES") and files the following Petition for Judicial Review pursuant to Iowa Code §§ 476.12, 476.13, and Iowa Code chapter 17A.

1.      This is a proceeding for judicial review of administrative agency action in a contested case, pursuant to Iowa Code § 17A.19 (2020).

2.      The agency order for which judicial review is sought is the Iowa Utilities Board's (IUB's) order in the matter styled *Re:  Interstate Power And Light Company and Ames Municipal Electric System*, IUB Docket No. FCU-2018-0007, specifically the "Order Modifying Exclusive Electric Service Territory and Directing Further Filings" issued January 23, 2020, and orders inhering therein.  A copy of the order is attached hereto as Exhibit A.

3.      AMES is a municipal utility providing electric, water, and sewer service to the community of Ames in Story County, Iowa.

4.      Venue is proper in Story County pursuant to Iowa Code § 476.13, as AMES maintains its principal place of business in Story County.

5.      AMES was a respondent and participant in a contested formal complaint case before the IUB.  In the "Order Modifying Exclusive Service Territory and Directing Further

1

E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

Filings," the IUB ordered that a portion of AMES's exclusive service territory, as mandated by

Iowa Code § 476.25, should be transferred to Interstate Power and Light Company (IPL).  The

action of the IUB is not just and reasonable under the facts of the case and the applicable statutes

and precedents.

      6.    AMES's substantial rights have been prejudiced because the actions of the IUB

are:

    a.  In violation of Iowa Code § 476.25(1) because they fail to give effect to the
statutory requirement that service territory modifications should "preserve
existing service areas and electric utilities' rights to serve existing customers."
Iowa Code § 17A.19(10)(c).

    b.  The product of an erroneous interpretation of a provision of law whose
interpretation has not clearly been vested by a provision of law in the
discretion of the agency.  *Id.*

    c.  Based on a determination of facts not supported by substantial evidence in the
record as a whole.  *Id.*  § 17A.19(10)(f).

    d.  Not consistent with the IUB's prior practice and precedent, as affirmed by the
Iowa Supreme Court in *O'Brien County REC v. ISCC,* 352 N.W.2d 264 (Iowa
1984).  § 17A.19(h).

    e.  The product of reasoning that is so illogical as to render it wholly irrational.
§ 17A.19(10)(i).

    f.  The product of a decision-making process in which the agency did not
consider a relevant and important matter relating to the propriety or
desirability of the action in question that a rational decision maker in similar

E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

circumstances would have considered prior to taking that action.
§ 17A.19(10)(j).

g.  Not required by law and having negative impact on the private rights affected that is so grossly disproportionate to the benefits accruing to the public interest from the action that it must necessarily be deemed to lack any foundation in rational agency policy.  § 17A.19(10)(k).

h.  Based upon an irrational, illogical, or wholly unjustifiable interpretation of a provision of law whose interpretation has clearly been vested by a provision of law in the discretion of the agency.  § 17A.19(10)(l).

i.  Otherwise unreasonable arbitrary, capricious, or an abuse of discretion. § 17A.19(10)(n).

WHEREFORE, the Ames Municipal Electric System requests this Court order the Respondent to transmit the entire record of the proceedings before the Respondent and that upon hearing, the Court:

a.  Reverse or modify the IUB ruling to restore AMES's service territory; or

b.  Remand this matter to the IUB with instructions to make a proper determination and resolution of the complaint proceeding, restoring AMES's service territory; and

c.  Order such other relief as may be appropriate in the circumstances.

3

E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

Respectfully submitted,


/s/ *David J. Lynch*

David J. Lynch, AT0004807
BROWN, WINICK, GRAVES, GROSS AND
BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  (515) 242-2417
Facsimile:   (515) 323-8517
E-mail:   david.lynch@brownwinick.com

ATTORNEY FOR AMES MUNICIPAL
ELECTRIC SYSTEM

4

EXHIBIT A
Page 6 of 26

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

STATE OF IOWA

DEPARTMENT OF COMMERCE

UTILITIES BOARD

| | |
|---|---|
| IN RE:<br><br>INTERSTATE POWER AND LIGHT COMPANY AND AMES MUNICIPAL ELECTRIC SYSTEM | DOCKET NO. FCU-2018-0007<br>(C-2018-0478) |

**ORDER MODIFYING EXCLUSIVE ELECTRIC SERVICE TERRITORY AND DIRECTING FURTHER FILINGS**

(Issued January 23, 2020)

**PROCEDURAL BACKGROUND**

On September 11, 2018, the United States Department of Agriculture (USDA) filed a complaint with the Utilities Board (Board) regarding its electric service providers, Interstate Power and Light Company (IPL) and Ames Municipal Electric System (Ames).  The complaint asks for the Board to evaluate Ames' ability "to meet the Center's highly specialized electrical needs" and to modify the service territory boundary running through the USDA's National Centers for Animal Health (Center), a large research facility on the northeast side of Ames, Iowa.  The complaint was identified as Docket No. C-2018-0478.  On September 18, 2018, the Board opened a formal proceeding in this matter, identified as Docket No. FCU-2018-0007.

On October 19, 2018, a scheduling conference was held.  On October 24, 2018, the Board issued a scheduling order that set a technical conference for December 6, 2018, and a hearing for December 19, 2018.  On November 14, 2018, the USDA filed a motion requesting the technical conference and hearing be delayed until April 2019.  On November 15, 2018, the Board issued an order that set the technical conference for April 10, 2019, and the hearing for April 23, 2019.  On March

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

21, 2019, Ames filed a motion requesting the hearing be continued to July 2, 2019.

On March 22, 2019, the Board issued an order suspending the procedural schedule

and requiring the parties to file a status update on or before June 1, 2019.  On May

31, 2019, Ames filed a status update and request for procedural schedule.  On June

11, 2019, the Board issued an order setting a scheduling conference for June 13,

2019.  On June 21, 2019, the Board issued an order establishing a procedural

schedule that set the hearing for August 27, 2019.

The USDA, Ames, and IPL filed direct testimony and exhibits on July 11, 2019.

The USDA, Ames, and IPL filed reply testimony and exhibits on August 9, 2019.  The

parties filed a joint statement of issues on August 14, 2019, along with a joint request

to file prehearing briefs.  On August 20, 2019, the Board issued an order granting the

request to file prehearing briefs, and the briefs were filed by the USDA, Ames, and

IPL.  The hearing was held on August 27, 2019.

On September 18, 2019, the Board issued an order reopening the record and

requesting additional information from the USDA, Ames, and IPL.  The USDA, Ames,

and IPL filed their responses on October 18, 2019, and post-hearing briefs were filed

on November 1, 2019.

## FACTUAL BACKGROUND

The Center was developed on the existing sites for the Animal and Plant

Health Inspection Service's (APHIS) National Veterinary Services Laboratories

(NVSL) and the Agricultural Research Service's (ARS) National Animal Disease

Center (NADC), on Dayton Avenue in Ames, Iowa, through congressional

appropriations to modernize the existing facilities and enhance the capacity to

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

support the livestock industry.  (USDA A'Hearn Direct Testimony, pp. 1-2.)  At the Center's facilities, the USDA employs scientists who conduct critical animal research, including research using dangerous pathogens.  (USDA Lautner Direct Testimony, p. 1.)  The Center currently has facilities that are designated as Biosafety Level (BSL) 2 and BSL-3.  (*Id.* at p. 5.)  These levels are containment levels described in the Biosafety in Microbiological Laboratories Handbook.  (*Id.*)  Most of the Center's work is done in BSL-2 laboratories that handle "pathogens and agents that have a moderate risk that can cause some harm to people, like salmonella."  (Tr. p. 73.[1])  The BSL-3 laboratories handle "pathogens that . . . have the potential to cause lethality or they're very, very difficult to treat."  (*Id.*)  BSL-3 laboratories handle pathogens such as tuberculosis, brucellosis, anthrax, tularemia, and the plague.  (*Id.*)

The USDA site consists of the original NADC site developed in the late 1950s and the NVSL site developed in the 1970s.  (USDA A'Hearn Direct Testimony, p. 1 n. 1.)  The electric service territory boundary between IPL and Ames follows the original property boundary between the portions of the site previously managed by APHIS and ARS.  The boundary runs east to west and splits the Center's contiguous parcel in two, leaving the Center with two electric service providers:  Ames for the southern portion of the Center and IPL for the northern portion of the Center.

Between 1998 and 2002, the USDA identified a need to modernize the facilities at the Center.  The first building funded and constructed as part of the modernization was a laboratory facility (Building 21).  (*Id.* at p.2.)  A portion of the planning funds for the full Ames modernization project were appropriated prior to

---

[1] Tr. shall refer to the transcript of the August 27, 2019 hearing.

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

2004, but it was not certain that the entire modernization project would be fully funded.  (*Id.*)  Building 21 was designed to be a stand-alone facility, but the USDA also planned to integrate the building into the combined facilities, should funding for the modernization eventually be approved.  (*Id.*)

Building 21 currently houses both BSL-2 and BSL-3 laboratories.  (USDA Lautner Direct Testimony, p. 5.)  The USDA alleges that the laboratories housed in Building 21 require a high level of reliable and redundant containment systems.  The redundant containment systems require electrical service that can be constantly monitored, is reliable, and is backed up by multiple redundancies to provide power to the laboratories at all times.  (*Id.*)  The USDA alleges that having two electric service providers "makes it more difficult for the USDA to ensure the safe operation of biological research, ensure scientific integrity and maintain laboratory accreditation at the Center."  (*Id.*)

Building 21 is located at the north edge of the NVSL site in Ames' electrical service territory.  (*Id.*)  Building 21 has a dedicated standby diesel generator, located in Building 22, with an above-ground fuel storage tank.  (*Id.*)  The standby diesel generator is not large enough to power the entire load for Building 21.  (Tr. p. 16.)  Instead, the generator can only power a portion of the electricity needed for Building 21.  (*Id.*)  Since Building 21 was completed in 2004, Ames has supplied the building with electrical power.  Power is delivered by Ames to Building 21 via a single 13.8 kV distribution line.  (Tr. p. 22.)

On the north side of the Center, IPL delivers power to a switchgear building (Building 153) and the USDA then controls the distribution of power through USDA-owned equipment.  (USDA A'Hearn Direct Testimony, p. 3.)  The USDA also

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

distributes, through Building 153, electric power generated from an on-site combustion turbine generator owned by the USDA.  (*Id.*)  The USDA owns and operates all of the equipment that provides redundancies beyond IPL's two separately fed (one from the south and one from the north) 13.2 kV feeder breakers. (*Id.*)  Building 153 includes five 2,000 kW diesel generators meant to power the entirety of the Center if an outage from IPL occurs.  (Tr. p. 18.)  Building 21, located on the south side of the center, is not currently connected to the Center's power grid that is fed through Building 153.

In 2011, the USDA awarded a contract to connect Building 21 to the Center's power grid via Building 153.  (USDA A'Hearn Direct Testimony, p. 4.)  This project would also disconnect Building 21 from Ames and remove the dedicated diesel generator and above-ground storage tank.  (*Id.*)  The contract was completed up to the point of disconnecting Building 21 from Ames and transferring Building 21 to the Center's power grid that is supplied with power by IPL and a USDA-owned combustion turbine.  (*Id.*)  IPL states that connecting Building 21 to the Center's power grid will not require IPL to make any additional investment.  (IPL Brown Direct Testimony, p. 3.)

At the August 27, 2019 hearing, USDA expressed the intention to expand Building 21 to the north, in the courtyard between Building 20 and 21, and the expansion would straddle the Ames-IPL service territory boundary.  (Tr. p. 72.)  This expansion would move all BSL laboratories to a central location.  (*Id.*)  Currently, USDA's only plan to power the expansion is by connecting Building 21 and the expansion to Building 153 and using IPL's service.  (Tr. pp. 17-18.)

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

## ISSUES PRESENTED

On August 14, 2019, the parties filed a Joint Statement of Issues.  The joint statement asks for the Board's determination on the following issues:

1.  Whether, at the request of a utility customer . . . the Board may alter existing boundaries of an electric utility exclusive service area under Iowa Code § 476.25(1) and, if so, whether the facts developed in this case justify moving the boundary . . . such that the laboratory building identified as "Building 21" falls within the exclusive service area of IPL.

2.  If the Board modifies the service territory boundary, whether Ames is required to be compensated for any stranded investment, dedicated generating and transmission capacity, depreciation, loss of revenue, and reintegration costs under Iowa Code § 476.23(1), and, if so, by whom.

3.  In the event the Board declines to alter the existing utilities boundaries, whether the Board would deem it impermissible under Iowa Code § 476.25(3) for the utility customer, the USDA, on its own initiative, to disconnect Building 21 from Ames power and hook it into its own self-managed power grid, which is partially served by IPL and partially served by USDA's own electric turbine.

## BOARD DISCUSSION

The Board will discuss each issue — alteration of electric service territories, compensation, and self-help — in turn.

### A.    Issue 1:  Alteration of Electric Service Territories

The discussions among the USDA, IPL, and Ames have been occurring sporadically since 2011.  Ames and IPL have had independent discussions regarding service territory swaps, but no agreement has been reached.  In response to the USDA's complaint, Ames presented multiple options for the USDA to consider in an attempt to resolve the dispute.  Most of the options require the USDA to invest

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

significant money in more equipment to provide Building 21 the redundancies the agency desires.  The USDA does not see any of the proposed solutions as viable but admits that all of the proposed solutions are technically feasible.  (Tr. p. 65.)  This issue has become more prominent because of the USDA's desire to expand Building 21 to the north, where it would likely straddle the service territory line between Ames and IPL.

Iowa Code § 476.25(1) provides who can petition for an electric service territory modification and it is limited to electric utilities and municipal corporations or the Board on its own motion.  The Board has held that "[e]lectric service territories can only be changed pursuant to the procedures established in section 476.25, which does not provide for changes initiated by customer complaint."  *See In Re:  Ken Ankenbauer v. Interstate Power Company*, Docket No. C-2000-0059, 2000 WL 36114422 (I.U.B. June 21, 2000).  The Board considers this interpretation of the statutory limitations to be correct.  Customer complaints requesting alterations of electric service territories are not allowed by statute.

In this case, the USDA filed a customer complaint alleging inadequate service and requesting a boundary modification as a solution to the inadequate service.  The fact that the USDA asked for an alteration of service territory boundaries as a specific solution to its allegation does not prevent the Board from further investigating the USDA's allegations, namely an allegation of inadequate service from a utility.  Through the formal complaint process, the Board has been made aware of public health and safety concerns regarding the USDA's ability to safely operate its laboratories located at the Center.

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

In response to the USDA's complaint, Ames suggested seven alternatives that would provide reliable, redundant electric service to Building 21.  While all of those alternatives are technically feasible, the parties have had more than eight years to find a solution to the problem and the parties have failed to do so.  The record in this case has made it clear that there is a risk to the public's safety if the USDA's laboratories are not provided reliable, redundant service.  The parties are now at an impasse and, in consideration of the public's safety, a reasonable solution must be reached.  For this reason the Board must explore a modification of the service territories of IPL and Ames, initiated on its own motion.

Iowa Code § 476.25 states that the statutory purpose of service territories is to "encourage the development of statewide electric service at retail, to eliminate or avoid unnecessary duplication of electric utility facilities, and to promote economical, efficient, and adequate electric service to the public."  The Board has previously recognized that Iowa Code § 476.25 requires a balancing test to determine whether service territories should be modified absent an agreement between the utilities.  *See In Re:  Amana Society Service Company*, Docket No. SPU-1988-0006, 1990 WL 488764 (I.U.B. July 12, 1990).  The factors to be balanced are:  1) promotion of the public interest, 2) preservation of existing service areas and electric utilities' rights to serve existing customers, 3) prevention of unnecessary duplication of facilities, and 4) accounting for natural and physical barriers which would make electric service beyond those barriers uneconomic and impractical.  (*Id.*)  The balancing of these factors makes it clear that in this case a service territory modification is necessary absent the agreement of the utilities.  The Board addresses the factors below:

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

1.  The Public Interest

The public interest factor is broader than the interest of one customer or utility. It is not disputed that USDA's laboratory facilities at the Center require unusually reliable electric service to protect the public's health and safety.  In Ames' service territory, Building 21 is without the redundancies and monitoring that are required for the safe operation of BSL-2 and BSL-3 laboratories.  This compromises the public's health and safety.  While the Board recognizes the need to encourage the orderly development of statewide electric service, the public's health and safety outweigh the public's interest in that orderly development.  Here, a service territory modification, with a payment for transferred territory, implicates neither an unnecessary duplication of electric utility facilities nor uneconomical, inefficient, or inadequate electric service to the public.  *See* Iowa Code § 476.25.  The public health and safety concerns the USDA has identified lead to the public interest factor weighing heavily in favor of a service territory modification.

2.  The Preservation of Existing Boundaries and Customers

The preservation of existing boundaries and customers weighs in favor of maintaining the service territories.  It is undisputed that Ames' current service territory includes the southern portion of the Center, and IPL's current service territory includes the northern portion of the Center.  Also, it is undisputed that Ames and IPL have provided electric service to the USDA for decades.  This factor weighs in favor of maintaining the service territories.

3.  The Unnecessary Duplication of Facilities

Service territory modification where IPL serves the entirety of the Center does not create a duplication of facilities.  Service territory modification where Ames serves

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

the entirety of the center would create a duplication of facilities.  IPL stated it will not incur any additional costs to serve the entirety of the Center.  Ames stated that it is unknown what facilities would need to be built by Ames to supply electricity to all of the Center and that it would not be able to immediately serve the entirety of the Center.  This implies that if the service territories are modified and the portion of the Center serviced by Ames was transferred to IPL, duplication of facilities will not be required.  However, if Ames were to serve IPL's portion of the center, significant duplication of facilities would be necessary.  This factor weighs against a service territory modification in which Ames would serve all of the Center but does not weigh against IPL serving the entirety of the Center.

4.  <u>The Natural and Physical Barriers</u>

The record does not indicate the existence of any natural or physical barrier that would make electric service by either IPL or Ames uneconomical or impractical.

This analysis leaves the Board weighing the public's health and safety against the preservation of Ames' existing service territory and right to serve existing customers.  The public's interest in the safe operation of the USDA's laboratories outweighs the preservation of Ames' service territory.  The parties have had more than eight years to find an acceptable solution to this issue and have been unable to do so.  The Board finds a resolution is necessary and that continuing the risk to public safety is not acceptable.  Based upon the evidence in the record, the requirement for additional facilities, and public safety, the Board finds that the service territories of IPL and Ames should be modified.  The Board finds that the need for a reasonable solution for the reliability issue requires a single electric utility to serve all

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

of the USDA's facilities; therefore, the Board will approve a modification to IPL's service territory to include all of the USDA's facilities.

### B.   Issue 2:  Compensation

Iowa Code § 476.25(1) requires an electric utility to purchase existing facilities serving existing customers at a reasonable price determined by the Board if a voluntary exchange is not agreed upon.  This requires Ames to be compensated for the facilities that currently serve the USDA.  However, § 476.25 does not state what a reasonable price is; therefore, the Board must look elsewhere for guidance.

Iowa Code § 476.23(1) establishes valuation factors to be used in determining the reasonable price for facilities taken by municipalization.  The Board concludes these factors are reasonable for determining the compensation to Ames for the modification to its service territory.  The valuation factors are "the cost of the facilities being acquired; any necessary generating capacity and transmission capacity dedicated to the customer . . . ; depreciation; loss of revenue; and the cost of facilities necessary to reintegrate the system of the utility after detaching the portion sold." (*Id*.)  The Board finds that these factors are the necessary information to determine the reasonable price for IPL to pay for Ames' facilities that serve the USDA.

The information regarding these factors is not found in the record.  The parties will exchange the information regarding these factors and file with the Board a joint proposal for any necessary compensation.

### C.   Issue 3:  Self-help

The Board is modifying Ames' and IPL's service territories on its own motion. Therefore, it is not necessary for the Board to reach a decision regarding this issue.

Filed with the Iowa Utilities Board on January 23, 2020, FCU-2018-0007
E-FILED  2020 FEB 21 1:23 PM STORY - CLERK OF DISTRICT COURT

## ORDERING CLAUSES

**IT IS THEREFORE ORDERED:**

1.      The service territory boundaries between Ames Municipal Electric System and Interstate Power and Light Company shall be modified to include all of the United States Department of Agriculture's Ames, Iowa, campus in Interstate Power and Light Company's service territory.

2.      Within 30 days of this order, the parties shall file with the Utilities Board a joint proposed compensation plan for the modification of the service territories that transfers all of the United States Department of Agriculture's Ames, Iowa, campus to Interstate Power and Light Company's service territory.

**UTILITIES BOARD**


_/s/ Geri D. Huser_____


_/s/ Nick Wagner_____

ATTEST:


_/s/ Marilyn Kennedy_____      _/s/ Richard W. Lozier, Jr._____

Dated at Des Moines, Iowa, this 23rd day of January, 2020.

E-FILED  2020 FEB 24 9:06 AM STORY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| Ames Municipal Electric System | NO. CVCV 051775 |
| Petitioner, | |
| v. | |
| IOWA Utilities Board | **PETITIONER'S AFFIDAVIT OF SERVICE** |
| Respondent. | |

**STATE OF IOWA**        :
                         : ss
**COUNTY OF POLK**        :

On February 21, 2020, I, Elizabeth Carranza, pursuant to Iowa Code section 17A.19(2)

served the Petition for Judicial Review and the Original Notice in the above-captioned action by

mailing a copy of the same to the last-known mailing address for the parties below:

Louis Vander Streek
Executive Secretary
Iowa Utilities Board
1375 E. Court Ave.
Des Moines, IA 50319-0069

David L.D. Faith II
Assistant United States Attorney
U.S. Courthouse Annex,
Suite 286
110 E. Court Ave.
Des Moines, IA 50309

Lisa Koop
Senior Attorney
Alliant Energy
4902 N. Biltmore Lane
Madison, WI 53718

1

E-FILED  2020 FEB 24 9:06 AM STORY - CLERK OF DISTRICT COURT

John Long
Attorney
Office of Consumer Advocate
1375 E. Court Ave.
Des Moines, AI 50319-0063

Timothy J. Whipple
General Counsel
Iowa Association of Municipal Utilities
1735 NE 70th St.
Ankeny, IA 50021

Further affiant sayeth not.



Elizabeth Carranza

Subscribed and sworn to before me on this 21st day of February, 2020.

Notary Public in and for the State of Iowa

GABRIELLE E. FOSHE
Commission Number 722634
My Commission Expires
5|31|2021

### CERTIFICATE OF FILING

The undersigned hereby certifies that on the 21st day of February, 2020, I electronically filed the foregoing with the Clerk of Court by using the EDMS system.

*/s/Elizabeth Carranza*

2

E-FILED  2020 FEB 26 11:12 AM STORY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT
## IN AND FOR STORY COUNTY

| | |
|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM, | Case No. CVCV051775 |
| Petitioner, | |
| v. | **INTERVENTION BY UNITED STATES DEPARTMENT OF AGRICULTURE** |
| IOWA UTILITIES BOARD, | |
| Respondent. | |

COMES NOW the United States Department of Agriculture ("USDA"), by and through the undersigned counsel, and pursuant to Iowa Code § 17A.19(2) hereby intervenes in the above-captioned proceeding.

The Order that Ames Municipal Electric System ("Ames") seeks to overturn was issued by the Iowa Utilities Board following a written customer Complaint and Petition to Initiate a Formal Proceeding filed by the USDA.  The USDA appeared in the contested case before the agency, filed numerous statements and briefs, and argued the case in the hearing in this matter.  As the utilities customer that initiated the Complaint, which led to the Order Ames now seeks to overturn, USDA has a real interest in the outcome of the judicial review and should be permitted to fully participate in all aspects of the review proceeding.

WHEREFORE, the USDA respectfully requests that the Court issue an order recognizing the USDA as a Respondent in this matter and directing that it be permitted to participate in all aspects of the review proceeding.

E-FILED  2020 FEB 26 11:12 AM STORY - CLERK OF DISTRICT COURT

Dated:  February 26, 2020

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/David L.D. Faith II*              
     David L.D. Faith II   AT0012457
     Assistant United States Attorney
     U.S. Courthouse Annex, Suite 286
     110 E. Court Avenue
     Des Moines, Iowa 50309
     Telephone: (515) 473-9353
     Facsimile: (515) 473-9282
     Email: usaias.nefiadc@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2020, I electronically filed the foregoing with the Iowa District Court, Story County Clerk of Court using the Electronic Document Management System, and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

David Lynch
Iowa Utilities Board

*/s/David L.D. Faith II*              
David L.D. Faith II
Assistant U.S. Attorney

E-FILED  2020 FEB 26 1:08 PM STORY - CLERK OF DISTRICT COURT

Notice ID:  2RCV02

## IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM,<br><br>      PETITIONER,<br><br> vs.<br><br>IOWA UTILITIES BOARD,<br><br>      RESPONDENT. | Case No. 02851  CVCV051775<br><br>Order |

This matter comes before the court upon the Intervention by United States Department of Agriculture (hereinafter "USDA"), wherein the USDA requests the court issue an Order recognizing the USDA as a respondent in this matter. The court finds that the request should be granted pursuant to Iowa Code section 17A.19(2) and Iowa R. Civ. P. 1.407.

IT IS THEREFORE ORDERED that the USDA is permitted to intervene in this action and is recognized as a respondent. The clerk of court is directed to add the USDA as an EDMS party in this matter.

<u>CLERK TO FURNISH COPIES TO</u>:
Counsel of Record

EXHIBIT A
Page 23 of 26

E-FILED  2020 FEB 26 1:08 PM STORY - CLERK OF DISTRICT COURT



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| CVCV051775 | AMES MUNICIPAL ELECTRIC VS IOWA UTILITIES BOARD |
| **Type:** | OTHER ORDER |

So Ordered

Amy M Moore, District Court Judge
Second Judicial District of Iowa

Electronically signed on 2020-02-26 13:07:55

2 of 2

E-FILED  2020 FEB 26 3:03 PM STORY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT
## IN AND FOR STORY COUNTY

| | |
|---|---|
| AMES MUNICIPAL ELECTRIC SYSTEM, | |
| Petitioner, | Case No. CVCV051775 |
| v. | **APPEARANCE** |
| IOWA UTILITIES BOARD, | |
| Respondent. | |

COMES NOW David L.D. Faith II, Assistant United States Attorney, and hereby enters his Appearance on behalf of the United States of America and its agency, the United States Department of Agriculture, in the above-captioned action.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/David L.D. Faith II*
David L.D. Faith II   AT0012457
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Telephone: (515) 473-9353
Facsimile: (515) 473-9282
Email: usaias.nefiadc@usdoj.gov

E-FILED  2020 FEB 26 3:03 PM STORY - CLERK OF DISTRICT COURT

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2020, I electronically filed the foregoing with the Iowa District Court, Story County Clerk of Court using the Electronic Document Management System, and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

David Lynch
Iowa Utilities Board

*/s/David L.D. Faith II*
David L.D. Faith II
Assistant U.S. Attorney